Filed 4/2/25  P. v. Rowel CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL DARNELL ROWEL,<br><br>Defendant and Appellant. | F085904<br><br>(Super. Ct. No. BF160003B)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Chad A. Louie, Judge.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari R. Mueller, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Smith, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

In 2016, appellant Samuel Darnell Rowel was convicted via a plea agreement of four felonies:

(1) First degree burglary (Pen. Code, § 460, subd. (a);[1] count 1);

(2) Two counts of infliction of corporal injury (§ 273.5, subd. (a); counts 2 & 6); and

(3) Assault with a deadly weapon (§ 245, subd. (a)(1); count 10). For the two counts of infliction of corporal injury, appellant admitted he personally used a deadly weapon (§ 12022, subd. (b)(1)).

Appellant received an aggregate prison term of 29 years eight months. This included an upper term in count 1. Because he had previously been convicted of serious felonies, he received two enhancements of five years each under section 667, subdivision (a)(1). He also received a one-year prior prison term enhancement under section 667.5, subdivision (b).

In 2023, appellant was resentenced under section 1172.75. The lower court struck the now-invalid one-year enhancement under section 667.5, subdivision (b). Appellant asked the court to resentence him fully and to further reduce his sentence. The court declined to do so, ruling it did not have such authority without the prosecutor's consent due to the original plea agreement. In the alternative, the court ruled it would not further reduce appellant's sentence even if it had the authority. Appellant received an aggregate sentence of 28 years eight months.

Appellant contends the superior court erred in concluding it lacked authority to resentence him without the prosecutor's consent. Appellant also asserts that the court abused its discretion in ruling it would not further reduce the sentence.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

Effective January 1, 2025, section 1171 controls postconviction proceedings to modify a sentence or conviction, including a proceeding under section 1172.75. (§ 1171, subd. (a); see also Assem. Bill No. 2483 (2023–2024 Reg. Sess.), stats. 2024, ch. 964, § 2.)

We agree with appellant that resentencing is required. Under section 1171, a sentencing court is now required to "consider any pertinent circumstances that have arisen since the prior sentence was imposed." (§ 1171, subd. (c)(2).) A sentencing court now "has jurisdiction to modify every aspect" of a sentence, even if "it was imposed after a guilty plea." (*Ibid.*) Finally, "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement." (*Id.* at subd. (c)(3).)

We remand this matter for resentencing in conformity with this new law.

### BACKGROUND

In February 2022, the California Department of Corrections and Rehabilitation identified appellant as serving a prison sentence that contained a now-invalid enhancement under section 667.5, subdivision (b). In October 2022, appellant filed a pro. per. motion for resentencing, asking the court to strike the one-year enhancement under section 667.5, subdivision (b).

In December 2022, appellant's appointed counsel filed a motion for resentencing under section 1172.75 and *Romero*.[2] The motion requested a full resentencing. The defense asked for the one-year prior prison term enhancement to be struck. In addition, it sought the midterm in count 1, dismissal of one prior serious felony enhancement (§ 667, subd. (a)(1)), and the imposition of concurrent sentences for an aggregate prison term of 13 years. Appellant's motion asked the sentencing court to consider his "improved behavior" and "low risk" threat assessment. Attached to the motion were prison

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

disciplinary records and various certificates showing appellant's completion of various programs.

Resentencing occurred on March 9, 2023. The sentencing court believed that, because appellant was originally sentenced pursuant to a plea agreement, it could only strike the one-year prior prison enhancements under section 667.5, subdivision (b), and it could not further reduce the sentence. Appellant's appointed counsel disagreed, arguing that the court had the authority to resentence appellant fully and without the prosecutor's consent. The defense asked the court to strike a prior strike offense, and the two five-year enhancements under section 667, subdivision (a)(1), which were referred to as the "nickel priors."

The prosecutor objected to reducing appellant's sentence beyond striking the one-year prison prior enhancement. The prosecutor submitted a certified record of appellant's prior convictions.

The court understood that the midterm was the presumptive sentence. The court concluded that, based on the certified record of conviction, it could again impose an upper term sentence.

Defense counsel noted that appellant was found in prison to be a "very low risk," and he was "now considered non violent." The defense asked the court to consider "all the classes he has taken, the work he's done, and how he's changed his life."

The court reviewed appellant's "certified rap sheet." The court detailed appellant's extensive criminal history.

In 1994, appellant had a misdemeanor conviction for possession of a weapon.

In 1996, appellant had a felony conviction for possession of a controlled substance.

In 1997, appellant had a felony conviction for shooting at an occupied dwelling; he received a seven-year prison commitment.

4.

In 2002, appellant had a felony conviction for robbery; he received 32 months in prison.

In 2004, appellant had a felony conviction for possession of a firearm with a gang enhancement; he received an eight-year prison commitment.

In 2010, appellant had a felony conviction for possession of a controlled substance while in prison; he received a consecutive two years in prison.

In 2013, appellant had a violation while on post release community supervision.

In 2014, appellant had a misdemeanor conviction for loitering and a misdemeanor conviction for possession of a controlled substance.

In 2015, appellant committed the present offenses. He was convicted in 2016 via a plea agreement to the following: (1) first degree burglary (§ 460, subd. (a); count 1); (2) two counts of infliction of corporal injury (§ 273.5, subd. (a); counts 2 & 6); and (3) assault with a deadly weapon (§ 245, subd. (a)(1); count 10).

At the 2023 resentencing, the court reiterated its belief that it did not have discretion to reduce appellant's sentence further over the People's objection. However, the court stated that, even if it did have such authority, it would not do so based on appellant's criminal history and based on the facts and circumstances of his offenses. In making its ruling, the court did not expressly consider appellant's disciplinary record or his record of rehabilitation while incarcerated.

The court found appellant's "lengthy criminal history" and his "repeated criminal convictions" as a factor in aggravation. The court concluded that the upper term was warranted. The court also found that, based on appellant's criminal history and the nature of this current offense, appellant did not fall outside the spirit of the "Three Strikes" law. The court denied the request to strike the prior strike conviction. The court denied the request to strike the two nickel priors, finding that striking those enhancements would endanger public safety as defined under section 1385, subdivision (c)(2). The court updated appellant's sentence to reflect a striking of the one-year prison prior.

**DISCUSSION**

## I.     An Overview of Section 1172.75.

"Before January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the enhancement to only prior prison terms served for sexually violent offenses.  [Citation.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]"  (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.)

"In 2021, the Legislature enacted Senate Bill No. 483 … which, among other things, made the changes implemented by Senate Bill 136 retroactive.  [Citation.]"  (*People v. Carter, supra*, 97 Cal.App.5th at p. 966.)  In an uncodified section of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), the Legislature declared, "[T]o ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply … Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements.  *It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement*."  (Stats. 2021, ch. 728, § 1, italics added.)

Senate Bill 483 also added section 1172.75.  (Stats. 2021, ch. 728, § 3.)  Section 1172.75 provides that except for certain sexually violent offenses, " '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 … is legally invalid.'  (§ 1172.75, subd. (a).)"  A person currently serving a sentence that includes a now-legally invalid sentence enhancement under section 1172.75 need not do anything to correct that sentence.  Instead, the statute requires the Secretary of the Department of Corrections and Rehabilitation and each

county's correctional administrator to identify those persons to the sentencing court that imposed the legally invalid enhancement. (§ 1172.75, subd. (b).) If the sentencing court determines the person's current judgment includes "such a legally invalid enhancement, 'the court shall recall the sentence and resentence the defendant.' (*Id.*, subd. (c).)" (*People v. Carter, supra*, 97 Cal.App.5th at p. 966.)

Section 1172.75 provides five specific instructions for resentencing. First, the resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," but in any event it "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

Second, the trial court "shall apply" the Judicial Council's sentencing rules "and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Third, the court "may consider postconviction factors," including "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Fourth, with certain exceptions, the court "may not impose a sentence exceeding the middle term." (§ 1172.75, subd. (d)(4).)

Finally, the court "shall appoint counsel" for the resentencing. (§ 1172.75, subd. (d)(5).)

## II.    An Overview of Section 1171.

Effective January 1, 2025, section 1171 controls postconviction proceedings to modify a sentence or conviction, including a resentencing proceeding under section 1172.75. (§ 1171, subd. (a); see also Assem. Bill No. 2483, stats. 2024, ch. 964, § 2.)

The parties agree that section 1171 applies retroactively here. We agree. Section 1171 applies retroactively to appellant because it is an ameliorative change to the criminal law which became effective prior to the judgment in this case becoming final. (See *People v. Frahs* (2020) 9 Cal.5th 618, 630–632; *In re Estrada* (1965) 63 Cal.2d 740, 745.)

Section 1171 has made significant changes to the law of resentencing. Relevant to our discussion here, the sentencing court is now required to "consider any pertinent circumstances that have arisen since the prior sentence was imposed." (§ 1171, subd. (c)(2).) A sentencing court now "has jurisdiction to modify every aspect" of a sentence, even if "it was imposed after a guilty plea." (*Ibid.*) Finally, "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement." (*Id.* at subd. (c)(3).)

Section 1171 has resolved a split of authority. Prior to the enactment of section 1171, there was a dispute among the appellate courts regarding the scope of section 1172.75. At least one published opinion held that, if a defendant was convicted via a plea agreement, a resentencing court is not permitted to fully resentence the defendant and go beyond merely striking a now-invalid enhancement under section 667.5, subdivision (b). (*People v. Coddington* (2023) 96 Cal.App.5th 562, 565.) Other courts have taken a different approach and held that a resentencing court may reduce a sentence further without the consent of the prosecution even when the defendant was originally sentenced via a plea agreement. (*People v. Hernandez* (2024) 103 Cal.App.5th 981, 986; *People v. Carter*, *supra*, 97 Cal.App.5th at p. 964.)

In his original briefing, appellant relied on *People v. Montgomery* (2024) 100 Cal.App.5th 768. In *Montgomery*, the appellate court held that the prosecution was not entitled to amend or withdraw its plea agreement if the sentencing court shows an inclination to reduce an agreed-upon sentence beyond dismissing a prior prison term enhancement. (*Montgomery, supra,* at p. 774.) However, on December 18, 2024, the

8.

California Supreme Court depublished the *Montgomery* opinion, rendering it not citable. (*People v. Montgomery* (2024) [2024 Cal.LEXIS 7084].)

In light of section 1171, we need not resolve the prior split of authority or address further the parties' respective briefing on that issue. A resentencing court now "has jurisdiction to modify every aspect" of a sentence, even if "it was imposed after a guilty plea." (§ 1171, subd. (c)(2).) "Any changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement." (*Id.*, at subd. (c)(3).)

## III. The Holding in *Stamps*.

When appellant was resentenced in 2023, the lower court felt it lacked authority to further reduce appellant's sentence in light of the prior plea agreement. The court cited *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) to support its understanding of the law.

In *Stamps*, our high court examined the ramifications if a defendant was originally sentenced pursuant to a plea agreement, and he was resentenced under Senate Bill No. 1393 (2017–2018 Reg. Sess.). Senate Bill No. 1393 allows a trial court to dismiss a serious felony enhancement in the furtherance of justice. (*Stamps, supra,* 9 Cal.5th at p. 693.) The *Stamps* court held that, if the defendant is resentenced contrary to the original plea agreement, the prosecutor is entitled to withdraw assent to the plea agreement. (*Id.* at pp. 707–708.) In addition, the court may withdraw its approval of the plea agreement. (*Id.* at p. 708.)

In light of section 1171, the holding in *Stamps* is not applicable here.

## IV. Appellant Must be Resentenced in Conformity with Section 1171.

Respondent contends that section 1171 has no impact in this matter. According to respondent, a remand is unnecessary because the sentencing court ruled that imposition of the upper term was justified, appellant did not fall outside the spirit of the Three Strikes law, and striking the prior serious felony enhancements would endanger public safety. Respondent argues that appellant has forfeited any claim that the lower court failed to expressly consider postconviction factors. In the alternative, respondent asserts

9.

that appellant has not overcome a presumption that the court did in fact consider the postconviction factors, but nevertheless decided that issue unfavorably for appellant because a reduction in his sentence was against the interests of justice. Respondent maintains that the judgment should be affirmed. We disagree.

Contrary to respondent's assertion, appellant has not forfeited this issue. Because section 1171 was not yet enacted when resentencing occurred in 2023, appellant may now seek its retroactive benefits because we assume the Legislature intended this statute "to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323.)

We reject respondent's position that it would be an idle act to remand this matter for resentencing. Defendants are entitled to a sentencing court exercising " 'informed discretion.' " A court cannot exercise informed discretion if it is unaware of its discretionary authority. (*People v. Lynch* (2024) 16 Cal.5th 730, 774.)

Here, the court did not exercise fully informed discretion when it resentenced appellant in 2023. Under the current law, appellant's plea agreement is no longer a factor to consider, and the sentencing court "has jurisdiction to modify every aspect" of appellant's sentence. (§ 1171, subd. (c)(2).) The court, however, believed it had no authority to reduce appellant's sentence beyond striking the now-invalid prior prison term enhancement.

Moreover, section 1171 now requires a sentencing court to "consider any pertinent circumstances that have arisen *since the prior sentence was imposed*." (§ 1171, subd. (c)(2), italics added.) At the 2023 resentencing, the defense asked the court to consider appellant's conduct and behavior while in prison as grounds to further reduce his sentence. The court never expressly considered appellant's recent conduct and behavior. Instead, the court focused exclusively on appellant's criminal conduct *before this judgment was imposed*. Consequently, the new requirements of section 1171 were not met when appellant was resentenced in 2023.

10.

We do not suggest that appellant's prior criminal history is no longer a legitimate factor to consider at sentencing. To the contrary, California Rules of Court, rule 4.421(b), permits a sentencing court to consider a defendant's criminal history as a possible factor in aggravation. What is apparent from this record, however, is that the lower court focused exclusively on appellant's prior criminal conduct without considering any pertinent circumstances that have occurred since his prior sentence was imposed. (§ 1171, subd. (c)(2).)

Finally, when a court has not exercised informed discretion, remand is required unless the record clearly indicates the court would have reached the same decision even if it had been aware of its discretion. (*People v. Salazar* (2023) 15 Cal.5th 416, 431.) However, our high court has cautioned that, when the law governing a defendant's sentence has substantively changed after sentencing, "it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing." (*Ibid.*)

In light of the new statutory requirements, this matter must be remanded for resentencing so that the court can exercise informed discretion. We decline to speculate how the court might exercise its discretion in light of the clear mandate in section 1171. As such, we remand this matter for resentencing. A full resentencing is required. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 [a full resentencing is required so the court can exercise its sentencing discretion in light of the changed circumstances].) We take no position regarding how the lower court should exercise its sentencing discretion.

## DISPOSITION

Appellant's sentence is vacated and this matter is remanded for a full resentencing in conformity with section 1171. Appellant's judgment is otherwise affirmed.

11.